# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 14-298V
Filed: October 24, 2014
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JENNIFER PRYDE, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

Damages decision based on proffer; influenza (flu) vaccine; shoulder injury related to vaccine administration (SIRVA); fees and costs decision based on proffer

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Paul R. Brazil</u>, Philadelphia, PA, for petitioner.
<u>Michael P. Milmoe</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES AND ATTORNEYS' FEES AND COSTS[1]

On April 14, 2014, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2006), alleging that she suffered a right shoulder injury as a result of the influenza ("flu") vaccination she received on August 22, 2013. On September 11, 2014, respondent orally conceded during a telephonic status conference that petitioner suffered from a shoulder injury related to vaccine administration ("SIRVA"). <u>See</u> Order, Sept. 11, 2014.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On October 24, 2014, respondent filed Respondent's Proffer on Award of Compensation. Respondent proffers that petitioner should be awarded $75,000.00 for all elements of compensation to which petitioner would be entitled under 42 U.S.C. §§ 300aa-15(a)(1), 15(a)(3)(A), and 15(a)(4).  Respondent also proffers that petitioner should be awarded $14,390.49 for reimbursement of attorneys' fees and costs.  In accordance with General Order #9, petitioner's counsel asserts that petitioner did not incur any costs in pursuit of her petition.

The undersigned finds the terms of the proffer to be reasonable.  Based on the record as a whole, the undersigned finds that petitioner is entitled to the award as stated in the proffer. Pursuant to the terms stated in the attached proffer, the court awards:

a. a lump sum of **$75,000.00**, representing all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). The award shall be in the form of a check for **$75,000.00** made payable to petitioner; and

b. a lump sum of **$14,390.49**, representing reimbursement for attorneys' fees and costs.  The award shall be in the form of a check for **$14,390.49** made payable jointly to petitioner and Muller Brazil, L.L.P.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: October 24, 2014                                                    /s/ Laura D. Millman
                                                                                      Laura D. Millman
                                                                                      Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

_____
                                          )
JENNIFER PRYDE,                           )
                                          )
            Petitioner,                   )         No. 14-298V
                                          )         Special Master Millman
      v.                                  )         ECF
                                          )
SECRETARY OF HEALTH AND                   )
HUMAN SERVICES,                           )
                                          )
            Respondent.                   )
_____          )

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.    Compensation for Vaccine Injury-Related Items**

The special master's order dated September 11, 2014, reflected the discussion held by the parties at the status conference held on that day.  The order states, "In lieu of filing a Rule 4(c) Report, respondent orally conceded that petitioner suffered a shoulder injury related to vaccine administration (SIRVA) that was caused by her flu vaccination."  Order of September 11, 2014, Docket Entry #10.  Respondent now proffers that, based on the evidence of record, petitioner should be awarded $75,000.00.  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a)(1); 15(a)(3)(A); and 15(a)(4). Petitioner agrees.

Pursuant to 42 U.S.C. § 300aa-15(e), respondent further proffers that petitioner is entitled to attorneys' fees and costs in the amount of $14,390.49.  Petitioner agrees.  In accordance with General Order No. 9, petitioner's counsel acknowledges that petitioner incurred no out of pocket expenses in proceeding on the petition.

## II. Form of the Award

The parties recommend that the compensation provided to petitioner should be made through lump sum payments as described below, and request that the special master's decision and the Court's judgment award the following:[1]

A. A lump sum payment of $75,000.00 in the form of a check payable to petitioner, Jennifer Pryde. This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

B. A lump sum of $14,390.49 in the form of a check payable to petitioner and petitioner's attorney, Paul R. Brazil, Esq., for attorneys' fees and costs

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

*/s/ Michael P. Milmoe*
MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Phone:   (202) 616-4125
Dated:  October 24, 2014                                    Fax:       (202) 616-4310